UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO VICTORIA, ) | |
| ) | |
| Petitioner, ) | Case No. 15-cv-10943 |
| v. ) | |
| ) | Judge John W. Darrah |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM OPINION AND ORDER**

Petitioner, Pedro Victoria, filed a *pro se* Motion to Vacate, Set Aside, or Correct [1] and two Amended Motions to Vacate, Set Aside, or Correct [4, 5] his sentence pursuant to 28 U.S.C. § 2255.[1] For the reasons provided below, these Motions [1, 4, 5] are denied.[2]

### **BACKGROUND**

Petitioner was involved in drug trafficking and kidnapping. On June 3, 2008, Petitioner pled guilty, pursuant to a Plea Agreement, to one count of conspiracy to possess, with the intent to distribute, in excess of five kilograms of cocaine. Petitioner and the Government disagreed about the relevant conduct for sentencing and which sentencing guidelines applied.

On October 12, 2010, Petitioner entered a plea of guilty to Count I of a Superseding Plea Agreement. Petitioner again pled guilty to one count of conspiracy to possess, with the intent to distribute, in excess of five kilograms of cocaine. The Superseding Plea Agreement provided a base offense level of 38, including relevant conduct, because the amount of cocaine was more than 150 kilograms. There were enhancements for possession of a firearm in connection with the

---

[1] All three motions raise the same issues.

[2] Petitioner was given leave to file a reply in support of his Motions but did not do so.

offense, the physical restraint of a victim during the offense, and the Petitioner's being an organizer or leader of the criminal activity involving five or more participants.

At the plea hearing, Petitioner stated that he had read and understood the terms and conditions of the plea agreement. Petitioner also stated that he understood that the Government may make a motion for a downward departure, asking for a sentence of 156 months' imprisonment. Petitioner was advised that, if the Government did not make such a motion, there was a mandatory sentence of at least ten years' imprisonment and a possible sentence of life imprisonment. Petitioner testified that his plea was voluntary and that no one else had made promises as to what the sentence would be other than what was discussed during the plea hearing.

Petitioner was sentenced on January 21, 2015. Petitioner's adjusted base offense level was 43 with a criminal history level of I. The applicable guideline calculation suggested a guideline range of life imprisonment. However, the Government made a downward departure motion under United States Sentencing Guidelines § 5K1.1 for substantial assistance. In that motion, the Government asked for a sentence of 156 months' imprisonment. The Court imposed the agreed-upon sentence.

On August 27, 2015, Petitioner filed a motion pursuant to 18 U.S.C. § 3582(c)(2), which allows a defendant to move to reduce a term of imprisonment when that term is based on a sentencing range that has been subsequently lowered by the Sentencing Commission. The motion was based on Amendment 782, which revised the Drug Quantity Table and chemical quality tables and amended the guideline ranges for crimes involving narcotics. That motion was

2

denied because the term of imprisonment was not based on the sentencing guidelines, but on a plea agreement.

## LEGAL STANDARD

Petitioner's *pro se* petition is construed liberally. *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010). A prisoner convicted of a federal crime may move the district court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255. A petitioner must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Relief is only available in cases where jurisdictional or constitutional errors have caused a "complete miscarriage of justice." *Harris v. U.S.*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)). This is an "extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. U.S.*, 476 F.3d 518, 521 (7th Cir. 2007).

## ANALYSIS

Petitioner argues that he received ineffective assistance of counsel. Specifically, he makes three claims: (1) that counsel advised him that he would receive a sentence below that which was included in the plea agreement at the time of sentencing; (2) that counsel inaccurately told Petitioner that he would receive a reduction of his sentence pursuant to 18 U.S.C.

§ 3582(c)(2); and (3) that counsel failed to correctly calculate the sentencing guidelines in the plea agreement, leading to Petitioner signing a plea agreement that contained false and incorrect calculations. (Dkts. 1, 4, 5.)

"Criminal defendants are entitled to the effective assistance of counsel when choosing to accept or reject an offer of a plea bargain." *Edwards v. United States*, 612 F. App'x 390, 392 (7th Cir. 2015) (citing *Lafler v. Cooper*, 132 S.Ct. 1376, 1384-85 (2012)). In order to demonstrate ineffective assistance of counsel, Petitioner is "required to show that his counsel's performance 'fell below an objective standard of reasonableness' and that the deficient performance prejudiced his defense such that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Pidgeon v. Smith*, 785 F.3d 1165, 1172 (7th Cir. 2015) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)).

In terms of accepting a plea deal, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "The correct prejudice inquiry is not whether he would have been better off going to trial, but whether he would have elected to go to trial *in lieu* of accepting a plea." *Pidgeon*, 785 F.3d at 1173 (citing *Ward v. Jenkins*, 613 F.3d 692, 700 (7th Cir. 2010)). The terms of a plea deal are relevant when assessing a petitioner's credibility in claiming that he would have gone to trial. *Pidgeon*, 785 F.3d at 1173.

Petitioner's first two arguments relate to allegedly erroneous advice given to him by counsel as to what sentence he would receive. However, at the plea hearing, Petitioner testified

4

that no one else had made promises as to what the sentence would be other than what was discussed during the plea hearing, *i.e.* that no one had told him his sentence would be anything other than the 156 months' imprisonment if the Government made a motion for a downward departure. Any argument that Petitioner's "counsel's advice rendered his plea unwitting and involuntary is belied by his own statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000) (citing *United States v. Standiford*, 148 F.3d 864, 868 (7th Cir. 1998)).

Petitioner's final argument is that counsel failed to correctly calculate the sentencing guidelines in the plea agreement, leading to Petitioner signing a plea agreement that contained false and incorrect calculations. It is not clear exactly what Petitioner is arguing here, as he does not state how any guideline calculation was false. Presumably, he is referring to the sentencing guidelines being incorrect in the Supplemental Plea Agreement. However, this error was noted and corrected at sentencing. To the extent that the Supplemental Plea Agreement was wrong, Petitioner's sentence would have been higher based on the corrected guideline range.

Regardless, Petitioner does not claim that he would have refused the plea deal and insisted on going to trial in the absence of any allegedly false statements made by counsel or the allegedly incorrect guideline calculations. Additionally, the terms of a plea deal are very persuasive evidence that any claim of insisting on a trial is not credible. *See Pidgeon*, 785 F.3d at 1173. Petitioner received a significantly reduced sentence for his cooperation, 156 months' imprisonment as opposed to a guideline range of life imprisonment. Therefore, he has not shown the prejudice required for an ineffective assistance of counsel claim.

*Certificate of Appealability*

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant on a *habeas* petition. A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has not made a substantial showing of the denial of a constitutional right; and, accordingly, a certificate of appealability shall not issue. Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## CONCLUSION

For the reasons discussed above, Petitioner's Motion to Vacate, Set Aside, or Correct [1] his sentence and his Amended Motions to Vacate, Set Aside, or Correct [4, 5] his sentence are denied. No certificate of appealability shall issue.

Date:  April 20, 2016

JOHN W. DARRAH
United States District Court Judge